UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRA M. DEAN, ET AL., | |
| Petitioners, | 24-CV-10075 (LTS) |
| -against- | ORDER OF DISMISSAL |
| GREGORY CARRO, ET AL., | |
| Respondents. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Alexandra M. Dean and twenty other individuals filed this *pro se* action on behalf of

Luigi Mangione, asserting claims seeking *habeas corpus* relief under 28 U.S.C. § 2241; 42

U.S.C. § 1983; the Racketeer Influenced and Corrupt Organization statute, 18 U.S.C. § 1961-

1968 ("RICO"); and state law. Only Dean submitted an application for leave to proceed *in forma*

*pauperis* ("IFP"). The Court grants Dean leave to proceed IFP for the limited purpose of this

order; denies the petition for *habeas corpus* relief; and dismisses any non-*habeas* claims for the

reasons set forth below.

### STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody

challenging the legality of his detention on the ground that "[h]e is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the

authority to review the petition and "award the writ or issue an order directing the respondent to

show cause why the writ should not be granted, unless it appears from the application that the

applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

Additionally, the Court must dismiss a non-*habeas* IFP complaint, or portion thereof, that

is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted)

(emphasis in original).

## BACKGROUND

Listed as petitioners in this matter are the following "Enfranchised Living Souls": Brooke

J. Marr, Michelle Maryann Dickerson, Ariel Alton, Justin E. Shire, Ryan Nicholas Brown,

Brigette Villarreal, Karina Paredes, Kathy Nixon, Lauren-Ashley Peek, Jennifer Brabson, James

Mertens, Steven Bradley Moose, Tiana Balchunas, Jennie Tolliver, Adriane Dawn Bellard, Mark

William Lampman, Latesha Howard, Laura Jean Domek, Robert Anthony Domek, and Freddie

Theiss. It is not clear how these individuals are connected.

Among the 157 Respondents listed in the amended petition[1] are every judge of this

Court, including the undersigned; state courts and state court judges; media organizations; and

other public and private individuals and entities. Petitioners categorize Respondents into sub-

groups, including "USA INC.," the "Corporate Does," and the "Family Court Criminal

Enterprise." (ECF 6-1 at 41.)

---

[1] The amended petition, filed as an attachment to a motion on January 8, 2025, is the
operative pleading. (ECF 6-1.)

Petitioners seek *habeas corpus* relief on behalf of Luigi Mangione, whose federal criminal matter is pending in this court. *See United States v. Mangione*, No. 25-CR-00176-1 (MMG). Petitioners assert that Mangione's "current detention and ongoing trial are fundamentally unjust due to systemic bias and conflicts of interest within a well known human & child trafficking enterprise known as U.S.A. INC,'" and they seek to "free" him.[2] (ECF 1 at 8.) Petitioners assert:

> COMES NOW, WE the PEOPLE through the undersigned comrade and on behalf of Luigi N. Mangione, file this R.I.C.O. Claim and Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asserting that his current detention and ongoing trial are fundamentally unjust due to systemic bias and conflicts of interest within a well known human & child trafficking enterprise known as U.S.A. INC.

> WHEREFORE, WE the PEOPLE demand that the warden of the METROPOLITAN DETENTION CENTER OF BROOKLYN produce the body of Luigi N. Mangione, Age 26, Register Number: 52503-511, located at 80 29th Street, Brooklyn, NY 11232, United States. If the body of Luigi Mangione is not produced before this tribunal in 30 days then WE the PEOPLE will bring further lawful action on each state imposter individually, dismantling the enterprise known as U.S.A. INC.

(ECF 6-1 at 8-9.)

With respect to their claims arising under RICO, Section 1983, and state law, Petitioners allege that Respondents "exploited minors through fraudulent custody decisions and concealment of abuse, actively trafficking hundreds of thousands, if not millions, of innocent children from law abiding parents and immigrants crossing the U.S. border." (ECF 1 at 41.) Petitioners accuse Respondents of a "pattern of racketeering activities," including "financial fraud, obstruction of justice, and child trafficking," and "mass genocide." (*Id.* at 44.)

---

[2] All quotes are taken verbatim from the pleadings. All spelling, grammar, and punctuation are as in the originals unless noted otherwise.

## DISCUSSION

### A.   Only Alexandra M. Dean submitted an IFP application

To proceed with a petition for a writ of *habeas corpus* in this court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* (IFP), submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. To proceed with a non-*habeas* civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Here, only Dean submitted an IFP application. The Court dismisses from this action without prejudice the other 20 individuals listed as petitioners in the caption of the amended petition. For purposes of this order, the Court considers Dean as the sole petitioner.

### B.   Claims asserted on behalf of other individuals

#### 1.   Petition for *habeas corpus* relief on behalf of Mangione

A petition for a writ of *habeas corpus* may be brought either "by the person for whose relief it is intended or by someone acting in his [or her] behalf." 28 U.S.C. § 2242. When the petition is brought by a person other than the one seeking relief, the "next friend" must demonstrate that he or she has standing to act on the person's behalf. "First a 'next friend' must provide an adequate explanation − such as inaccessibility, mental incompetence, or other disability − why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (citations omitted). "The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Here, the petition includes no explanation why Dean seeks to act on Petitioner's behalf. Dean does not plead any facts showing that Mangione is disabled, incompetent, or otherwise unable to proceed on his own behalf.[3] Dean also does not include any facts showing that she has a significant relationship with Mangione or is "truly dedicated to [his] best interests." *Whitmore*, 95 U.S. at 163.

Because Dean's submissions do not set forth any reason why resorting to the "next friend" device is necessary, she lacks standing to bring this Section 2241 petition on Mangione's behalf. *See, e.g.*, *Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005) (holding that sister of death row prisoner could not assert "next friend" status where prisoner was not disabled or incompetent, and she made no showing that he could not act on his own behalf). The Court thus denies the petition without prejudice to Mangione asserting his rights in a Section 2241 petition.

2.      Civil rights complaint

The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Because *pro se* "means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).

---

[3] The Court notes that Mangione is represented by counsel in the criminal matter pending in this court. *See Mangione*, No. 25-CR-00176-1.

Because Dean does not allege that she is an attorney, she cannot assert any claims on behalf of Mangione or any other individual. Thus, the Court dismisses without prejudice any claims that Dean asserts on behalf of others, including Mangione and the other purported filers of the amended pleading.

**C.**     **Any claims asserted on Dean's own behalf are frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Dean alleges a nationwide conspiracy among judges and courts, and public and private individuals and institutions, to engage in "a well known human & child trafficking enterprise." (ECF 6-1 at 8.) However, a "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

6

The Court finds that Dean does not provide any plausible factual support for her own claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Dean makes allegations that she apparently believes to be true but that are implausible; indeed, she has pleaded no factual predicate to support them. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief). Her allegations amount, therefore, to conclusory claims and suspicions, and her own claims arising from these allegations must be dismissed as frivolous. *See Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy" by government and other actors because the allegations were "irrational and wholly incredible" (footnote omitted)).

## LITIGATION HISTORY AND WARNING

According to Public Access to Court Electronic Records (PACER), Dean and many of the individuals listed as petitioners in this matter have filed 12 *pro se* matters in federal courts around the country, all of which have been dismissed for substantive or procedural deficiencies. One of those filings appears virtually identical to the amended pleading filed in this matter. *See Dean, et al. v. Carro, et al.*, No. 25-CV-00019 (M.D. Fla. filed Mar. 15, 2025) (adopting report and recommendation and dismissing petition as frivolous); *see also Dean, et al. v. Biden, et al.*, No. 25-CV-00011 (E.D. Missouri Jan. 23, 2025) (dismissing pleading as frivolous and malicious and noting eight prior cases that Dean "has filed, or participated in" filing).

Dean and the other individuals listed as petitioners are warned that, if they abuse the privilege of proceeding IFP in this court by engaging in further duplicative or meritless litigation, the Court may order them to show cause why they should not be barred from filing future actions IFP unless they receive prior permission. *See* 28 U.S.C. § 1651; *Sledge v. Kooi*, 564 F.3d 105,

109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

### CONCLUSION

With the exception of Alexandra M. Dean, the individuals listed as petitioners are dismissed from this action. The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied for lack of standing. Any other claims asserted on behalf of Mangione or other individuals are dismissed because Dean cannot bring claims on behalf of other individuals, 28 U.S.C. § 1654. Any claims asserted on behalf of Alexandra M. Dean are dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). All other pending matters are terminated.

Dean and the other individuals listed as petitioners are warned that, if they abuse the privilege of proceeding IFP in this court by engaging in further duplicative or meritless litigation, the Court may order them to show cause why they should not be barred from filing future actions IFP unless they receive prior permission. *See* 28 U.S.C. § 1651.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter civil judgment dismissing this action.

SO ORDERED.

Dated:    June 3, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge